IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------§
In re:                                                       §
                                                             §      Chapter 11
EP ENERGY CORPORATION, *et al.*,                             §
                                                             §      Case No: 19-35654 (MI)
                                                             §
        Debtors.[1]                                          §
                                                             §      (Jointly Administered)
                                                             §
------------------------------------------------------------§
        REDACTED               ,                             §
                                                             §
        Plaintiff, *ex rel*.                                 §
                                                             §
        REDACTED                    ,                        §
                                                             §
        Plaintiff-Relator,                                   §
                                                             §
        v.                                                   §
                                                             §
EP ENERGY E&P COMPANY, L.P.,                                 §      Adv. Proc. No: __-_____(MI)
                                                             §
        Defendant.                                           §
                                                             §
------------------------------------------------------------§

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Creditor-Plaintiff-Relator        REDACTED        ("Relator"), pursuant to

11 U.S.C. §§ 523, 727 and Federal Rule of Bankruptcy Procedure 4007, commences this

adversary proceeding and seeks a determination that Debtor/Defendant EP Energy E&P

Company, L.P.'s ("EP Energy") debts arising from Relator's claims on behalf of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: EP Energy Corporation (2728), EPE Acquisition, LLC (5855), EP Energy LLC (1021), Everest Acquisition Finance Inc. (0996), EP Energy Global LLC (7534), EP Energy Management, L.L.C. (5013), EP Energy Resale Company, L.L.C. (9561), and EP Energy E&P Company, L.P. (7092). The Debtors' primary mailing address is 1001 Louisiana Street, Houston, TX 77002.

REDACTED                      , a federal and/or state government, against EP Energy under

the applicable federal and/or state's false claims act are not dischargeable.

## I.     INTRODUCTION

1.      On November 25, 2019, Relator served Relator's Confidential Disclosure

Statement with exhibits on the appropriate government officers disclosing substantially all

material evidence and information Relator possesses in support of Relator's claims ("Relator's

Qui Tam Claims") under            REDACTED                , the applicable federal

and/or state false claims act (the "Applicable FCA") on behalf of the federal and/or state

government against EP Energy pursuant to the Applicable FCA. Relator has prepared a *qui tam*

complaint to commence an action under the Applicable FCA, a "FCA Action," to be filed *in*

*camera* and under seal in the appropriate federal and/or state court as soon as the earlier (i) EP

Energy's emergence from bankruptcy protection, (ii) a determination that Relator's Qui Tam

Claims are excepted from the Bankruptcy Code's automatic stay, and/or (iii) upon relief from the

automatic stay. Relator's proposed *qui tam* complaint in the FCA Action is attached, in redacted

form, as **Exhibit 1** (the "*Qui Tam* Complaint").

2.      The *Qui Tam* Complaint must be redacted because the Relator, proceeding under

the Federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*., and/or its state law equivalent,

is required to file the *Qui Tam* Complaint *in camera* and under seal, and the *Qui Tam* Complaint

is required to remain under seal for at least 60 days. This is "a mandatory rule the relator must

follow." *State Farm Fire & Casualty Co. v. U.S. ex rel. Rigsby*, 137 S. Ct. 436, 442 (2016).

While the *Qui Tam* Complaint is under seal, Relator cannot disclose: (i) the Relator's identity;

(ii) the subject matter of the FCA Action; and/or (iii) the identity of the federal and/or state

government. If Relator were to disclose the Relator's identity, Relator may be deemed in

violation of the statutorily-mandated seal, and the Applicable FCA.

3.      Relator has an interest in maintaining the Relator's status as an original source, *i.e.* one who must have knowledge that is independent of and materially adds to the publicly-disclosed allegations or transactions and has provided this information to the government. Once the FCA Action is filed, the statutorily-imposed seal is not lifted until the federal and/or state government asks the court where the FCA Action is filed to lift the seal, or the federal and/or state court where the FCA Action is filed lifts the seal.

4.      While the *Qui Tam* Complaint in the FCA Action is under seal, the federal and/or state government investigates the factual allegations and legal contentions made in the *Qui Tam* Complaint, and decides whether to intervene. *See* REDACTED

REDACTED 31 U.S.C. § 3730(b)(2).

5.      The Applicable FCA prohibits, *inter alia*: (i) knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval; (ii) knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim; (iii) knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the federal and/or state government, or knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the federal and/or state government.

6.      Bankruptcy Code section 1141(d)(6) provides for an exception to general dischargeability of debts for debts owed to governmental units. Section 1141(d)(6) provides as follows:

the confirmation of a plan does not discharge a debtor that is a corporation from any debt—

A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute; or …

7.      Bankruptcy Code section 523(a)(2)(A) and (B) state that any debt "to the extent obtained by … false pretenses, a false representation, or actual fraud" or a "statement in writing" respecting a debtor's financial condition is not dischargeable. *Collier on Bankruptcy*, ¶ 1141.05[1][b][i] (internal citations omitted). "Thus, any obligations of a corporate debtor to a domestic governmental unit that were incurred by false pretenses, a false representation or actual fraud or by use of a false financial statement are not dischargeable under section 1141(d)." *Id.*

8.      *Collier on Bankruptcy* further explains how such dischargeability actions apply to *qui tam* actions, as follows:

> Subchapter III of chapter 37 of title 31 of the United States Code generally covers claims against the United States government. However, section 3730 permits a civil action, known as a *qui tam* action, by a private person in the name of the government to recover on behalf of the government any false claim that had been collected from the government. Under 31 U.S.C. section 3730, the person initiating the action is entitled to a portion of any recovery. By the terms of section 1141(d)(6)(A), the portion owed to the private person is excepted from discharge in a corporate chapter 11 case. Because the language excepts from discharge only a debt owed to a "person," the portion owed to the government is fully dischargeable like any other claim. Debts owed to a "person" under "any similar State statute" would also be nondischargeable.

*Collier on Bankruptcy*, ¶ 1141.05[1][b][i] (internal citations omitted).

9.      Federal Rule of Bankruptcy Procedure 4007 authorizes any creditor to "file a complaint to obtain a determination of the dischargeability of any debt." Fed. R. Bankr. P. 4007(a). Through this adversary proceeding, Relator (on its own behalf and on behalf of the federal and/or state government) seeks a determination that EP Energy's debts arising from the FCA Action are not dischargeable.

## II.   PARTIES

10.      REDACTED                  is the relator in the FCA Action, and as soon as EP Energy emerges from bankruptcy protection, and the automatic stay no longer applies,

Relator will file the *Qui Tam* Complaint against EP Energy on behalf of the federal and/or state government.

11.     The federal and/or state government is the real party in interest in the FCA Action.

12.     As soon as the earlier of (i) EP Energy's emergence from bankruptcy protection, (ii) a determination that Relator's *Qui Tam* Claims are excepted from the Bankruptcy Code's automatic stay, and/or (iii) upon relief from the automatic stay, EP Energy will be a defendant in the FCA Action. EP Energy is currently a debtor-in-possession in the instant bankruptcy proceedings.

## III.     JURISDICTION

13.     This Court may exercise subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(1).

14.     This adversary proceeding to determine dischargeability is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

15.     This Court may exercise personal jurisdiction over EP Energy because it maintains its principal place of business in Texas.

## IV.     FACTUAL BACKGROUND

16.     Relator incorporates by reference the allegations to be made in the *Qui Tam* Complaint to be filed in the FCA Action attached as **Exhibit 1**. Relator, however, cannot disclose such allegations here because to do so would violate the federal and/or state government's statutorily-mandated seal.

17.     Relator served a "Confidential Disclosure Statement" with exhibits on the appropriate government officers disclosing substantially all material evidence and information Relator possesses in support of Relator's *qui tam* claims on November 25, 2019.

V.    **THE BANKRUPTCY CODE CREATES EXCEPTIONS FROM THE GENERAL RULE OF DISCHARGEABILITY FOR DEBTS ARISING FROM FALSE AND FRAUDULENT CONDUCT**

18.    Generally, confirmation of a Chapter 11 debtor's bankruptcy plan "discharges the debtor from any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A).

19.    However, "[t]he Bankruptcy Code has long prohibited debtors from discharging liabilities incurred on account of their fraud, embodying a basic policy animating the Code of affording relief only to any honest but unfortunate debtor." *Cohen v. de la Cruz*, 523 U.S. 213, 217 (1998) (internal citations and quotations omitted); *In re Rifai*, 604 B.R. 277, 305-06 (Bankr. S.D. Tex. 2019).

20.    As the Fifth Circuit explained, *Cohen* "relied on a 'straightforward reading' of the statute and on legislative intent to make fraud victims whole. *Cohen* indicates that whether the debt arises from fraud is the only consideration material to nondischargeability." *See, e.g., In re M.M. Winkler & Associates*, 239 F.3d 746, 749 (5th Cir. 2001). Thus, certain pre-confirmation debts arising from false or fraudulent conduct are not dischargeable in bankruptcy. *See, e.g., Huskey Int'l Electronics, Inc. v. Ritz*, 136 S. Ct. 1581, 1586 (2016) (holding "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation").

21.    In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). *See* 109 P.L. 8, 119 Stat. 23 (Apr. 20, 2005). BAPCPA "added limited exemptions to the otherwise generally comprehensive discharge provided for debtors under 11 U.S.C. § 1141(d)(1)" with respect to corporate bankruptcies under Chapter 11. *In re Hawker Beechcraft Inc.*, 515 B.R. 416, 421 (S.D.N.Y. 2014).

22.    BAPCPA, *inter alia*, codified 11 U.S.C. § 1141(d)(6)(A), which provides:

Notwithstanding paragraph (1), the confirmation of a plan does not discharge a debtor that is a corporation from any debt—(A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 [the FCA] or any similar State statute.

23.     The accompanying legislative history report to BAPCPA explains, *inter alia*:

Under current law, the confirmation of a chapter 11 plan discharges a corporate debtor from most debts. Section 708 amends section 1141(d) of the Bankruptcy Code to except from discharge in a corporate chapter 11 case a debt specified in subsections 523(a)(2)(A) or (b) of the Bankruptcy Code owed to a domestic governmental unit. In addition, it excepts from discharge a debt owed to a person as the result of an action filed under subchapter III of chapter 31 of title 31 of the United States Code [the FCA] or any similar state statue.

H.R. Rep. No. 109-31, 2005 WL 832198, 2005 U.S.C.C.A.N. 88 at 102 (2005).

24.     Accordingly, 11 U.S.C. § 1141(d)(6)(A) "consists of two separate and independent clauses," both of which provide exceptions from the general rule of dischargeability in Chapter 11 bankruptcies. *Hawker*, 414 B.R. at 421. The first exception is when the debt is "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit." 11 U.S.C. § 1141(d)(6)(A).

25.     Section 523(a)(2)(A) provides: "[a] discharge under …1141 … of this title does not discharge an individual debtor from any debt … for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation, or actual fraud."

26.     Section 523(a)(2)(A) includes not only the actual proceeds of the fraud, but also "encompasses any liability arising from money, property, etc., that is fraudulently obtained, including treble damages, attorney's fees, and other relief that may exceed the value obtained by the debtor." *Cohen*, 523 U.S. at 223.

27.     A debt falls within the "false representations" exception of § 523(a)(2)(A) if the representations were: "(1) knowing and fraudulent falsehoods, (2) describing past or current

facts, (3) that were relied upon by the other party." *In re Rifai*, 604 B.R. 277, 318 (Bankr. S.D. Tex. 2019) (citations omitted). In addition, Relator must prove the amount of its damages. *Id*. (citations omitted).

28.     A debt falls within the "false pretenses" exception of § 523(a)(2)(A) if: "(1) the debtor engaged in conduct 'wronging one in his property rights by dishonest methods or schemes [such as] deprivation of something of value by trick, deceit, chicane[ry] or overreaching;' (2) there was scienter or intent; (3) causation; and (4) damages." *Rifai*, 604 B.R. at 312 (citations omitted). Moreover, a false pretense "involves implied misrepresentation or conduct intended to create and foster a false impression." *Id*.

29.     False pretenses also consist of "silence when there is a duty to speak." *Id*. at 313-314 (citing *In re Anderson*, 181 B.R. 943, 950 (Bankr. D. Minn. 1995); *In re Weinstein*, 31 B.R. 804, 810 (Bankr. E.D.N.Y. 1983)).

30.     Although both "false pretenses and false representation [] involve intentional conduct intended to create and foster a false impression, the distinction is that a false representation involves an express statement, while a claim of false pretenses may be premised on misleading conduct without an explicit statement." *Id*. at 307 (quoting *In re Minardi*, 536 B.R. 171, 187 (Bankr. E.D. Tex. 2015)).

31.     A debt falls within the "actual fraud" exception of § 523(a)(2)(A) if: "(1) the debtor made representations; (2) at the time they were made the debtor knew they were false; (3) the debtor made the representations with the intention and purpose to deceive the creditor; (4) the creditor justifiably relied on such representation; and (5) the creditor sustained losses as a proximate result of the representations." *Id.* at 316 (citations omitted).

32.     The second exception to the general rule of dischargeability is when the debt is "owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 [*i.e.*, the FCA] or any similar State statute." 11 U.S.C. § 1141(d)(6)(A).

33.     Thus, the second exception of § 523(a)(2)(A) applies with respect to debts owed as the result of false claims act claims, such as the ones to be pursued by the Relator when EP Energy emerges from bankruptcy protection and the automatic stay no longer applies.

## VI.   EP ENERGY'S DEBTS ARISING FROM THE FCA ACTION SATISFY BOTH PROVISIONS OF 11 U.S.C. § 1141(D)(6)(A), AND ARE THUS NONDISCHARGEABLE

34.     As explained herein, EP Energy's debts from the FCA Action satisfy both alternative provisions of 11 U.S.C. § 1141(d)(6)(A), and are therefore nondischargeable.

### A.     EP Energy's Debts Fall Under the First Provision of 11 U.S.C. § 1141(d)(6)(A).

35.     Debts are nondischargeable if they are "of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit." 11 U.S.C. § 1141(d)(6)(A).

36.     EP Energy's debts arising from the FCA Action are "debt[s] … for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation, or actual fraud." 11 U.S.C. § 523(a)(2)(A).

37.     As detailed in the *Qui Tam* Complaint, EP Energy's liability under the FCA arises from its, *inter alia*:                                              REDACTED

9

REDACTED

38.                                    REDACTED

39.                                    REDACTED

40.                                    REDACTED

41.                          REDACTED

42.                          REDACTED

43.                          REDACTED

44.                          REDACTED

REDACTED

45.                          REDACTED


46.                          REDACTED


47.    In    the    aggregate,    EP    Energy    has    schemed    to    deprive

REDACTED                , a federal and/or state government, of, at a minimum, almost

one million dollars, and potentially over nine million dollars,              REDACTED

REDACTED

48.                                    REDACTED

49.                                    REDACTED

50.                                    REDACTED

**B.**                    REDACTED

51.                                    REDACTED

52.                                    REDACTED

53.                             REDACTED

54.                             REDACTED

55.                             REDACTED

56.                             REDACTED

_____

                        REDACTED

REDACTED

57.                                      REDACTED

58.                                      REDACTED

59.                                      REDACTED

60.                                      REDACTED

REDACTED

61.                                       REDACTED

62.                                       REDACTED

63.                                       REDACTED

64.                                       REDACTED

65.                                       REDACTED

66.                                    REDACTED

67.                                    REDACTED

68.                                    REDACTED

**C.**                    REDACTED

69.                                    REDACTED

70.                                    REDACTED

71.                                    REDACTED

72.                              REDACTED


73.                              REDACTED


74.                              REDACTED


75.                              REDACTED

76.                              REDACTED

77.     These debts are "owed to a domestic governmental unit" within the meaning of 11 U.S.C. § 1141(d)(6)(A) because the recovery in an FCA lawsuit is paid to the United States and/or the State with the Relator receiving an award from the United States and/or the State's recovery. *See* 31 U.S.C. § 3730(d); *see also* 11 U.S.C. § 101(27) (defining "governmental unit" under Title 11 as including "United States" and "State").

**D.     EP Energy's Debts Fall Under the Second Provision of 11 U.S.C. § 1141(d)(6)(A).**

78.     Debts are nondischargeable if they are "owed to a person as a result of an action filed under subchapter III of chapter 37 of title 31 [the FCA] or any similar State statute." 11 U.S.C. § 1141(d)(6)(A).

79.     "[S]ubchapter III of chapter 37 of title 31" is the FCA. *See* 31 U.S.C. § 3729 *et seq.*

80.     The FCA provides that the Government may recover: (1) "3 times the amount of damages which the Government sustains because of the act of that person"; (2) "a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. § 2461)";[3] and (3) "the costs of a civil action brought to recover any such penalty or damages."

---

[3]   Pursuant to the Federal Civil Penalties Inflation Act of 1990 and 64 Fed. Reg. 47099-01, 47103, 1999 WL 667998 (Sept. 29, 1999), the civil monetary penalties under the FCA are $5,500 to $11,000 for violations occurring on or after September 29, 1999, but before November 2, 2015. *See* 28 C.F.R. § 85.3. Pursuant to the Bipartisan Budget Act of 2015 and 83 Fed. Reg. 3944 (Jan. 29, 2018), the civil monetary penalties under the FCA were adjusted

81.     The Applicable FCA provides in sum and substance that a relator shall receive an award of a certain percentage of proceeds of the action or settlement of the claim, and an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs.          REDACTED          Under the Applicable FCA, all such expenses, fees, and costs shall be awarded against the defendant. *Id.*

82.     Thus, EP Energy's debts arise from monies owed to the United States and/or the State and to Relator because Relator's claims in the FCA Action are debts "owed to a person as a result of an action filed under" the Applicable FCA within the meaning of 11 U.S.C. § 1141(d)(6)(A).

### COUNT I
### Non-Dischargeability for False Pretenses, False Representations, and Actual Fraud
### 11 U.S.C. §§ 523(a)(2)(A), 1141(d)(6)(A)

83.     Relator incorporates by reference the allegations made in the foregoing paragraphs of this Complaint as if fully stated herein.

84.     11 U.S.C. § 1141(d)(6)(A) provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt … of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit."

85.     Section 523(a)(2)(A) provides "[a] discharge under … 1141 … of this title does not discharge an individual debtor from any debt … for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation or actual fraud."

---

to $11,181 to $22,363 for violations occurring on or after November 2, 2015. *See* 28 C.F.R. § 85.5.

86.     EP Energy's debts arising from the FCA Action are debts for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by … false pretenses, a false representation, or actual fraud."

87.     EP Energy's debts arising from the FCA Action are "owed to a domestic governmental unit."

88.     Thus, EP Energy's debts arising from the FCA Action are not dischargeable.

### COUNT II
### NON-DISCHARGEABILITY FOR FCA CLAIMS
### 11 U.S.C. § 1141(d)(6)(A)

89.     Relator incorporates by reference the allegations made in the foregoing paragraphs of this Complaint as if fully stated herein.

90.     11 U.S.C. § 1141(d)(6)(A) provides "the confirmation of a plan does not discharge a debtor that is a corporation from any debt … owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute."

91.     Subchapter III of chapter 37 of title 31 is the FCA.

92.     Section 101(27) defines "governmental unit" to include, *inter alia*, the "United States" and "State." 11 U.S.C. § 101(27).

93.     Relator, on behalf of the United States and/or the State, is pursuing claims against EP Energy under the Applicable FCA in the FCA Action.

94.     Consequently, EP Energy's debts arising from the FCA Action are nondischargeable.

### PRAYER FOR RELIEF

Relator respectfully requests that the Court enter judgment as follows:

a.     A determination that EP Energy's debts arising from the FCA Action are not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(a) and 11 U.S.C. § 1141(d)(6) as debts owed to

the United States and/or the State arising from EP Energy's false pretenses, false representations and/or actual fraud;

      b.    A determination that EP Energy's debts arising from the FCA Action are not dischargeable pursuant to 11 U.S.C. § 1141(d)(6) as debts owed to a person as a result of the claims in the FCA Action; and

      c.    Such other relief as the Court deems just and proper.


Dated: January 6, 2020            GRANT & EISENHOFER P.A.

                          By: Gordon Z. Novod _____
                          Gordon Z. Novod (application for admission *pro hac vice* to be filed)
                          485 Lexington Ave.
                          New York, NY 10017
                          Tel: (646) 722-8523
                          Email: gnovod@gelaw.com
                          *Attorneys for Relator*